UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Olan Brantley,                                    Civil No. 16-746 (SRN/FLN)

                Plaintiff,

v.                                                **REPORT & RECOMMENDATION**

Christopher Nickrenz et al.,

                Defendants.
_____

Olan Brantely, *pro se*, for Plaintiff.
Chad Blumenfield, Assistant United States Attorney, for Defendants.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Defendant Christopher Nickrenz and Lieutenant Bus' motion to dismiss (ECF No. 32). This motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set for below, the Court recommends that Defendants' motion be **DENIED.**

**A.**    **Background**

Plaintiff is currently an inmate at the Federal Prison Camp in Duluth, Minnesota. On March 23, 2016, Plaintiff filed his Complaint raising assorted claims under 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights. *See* Compl. 4, ECF No. 1. On May 16, 2016, the Court granted Plaintiff's application to proceed *in forma pauperis*. *See* Order, ECF No. 7. On November 22, 2016, Defendant Dr. Benjamin Rice answered the Complaint. *See* Answer, ECF No. 14. On November 29, 2016, the Court granted the remaining Defendants', Christopher Nickrenz and Lieutenant Bus, request that Plaintiff be given a time extension through January 6, 2017, in which

to perfect service on them.[1] *See* Order, ECF No. 16. On December 8, 2016, Plaintiff filed a motion to compel the address of Nickrenz and Bus to effectuate service. *See generally* Mot. to Comp., ECF No. 18. On January 5, 2017, Plaintiff supplemented his motion to compel with a letter stating that he was attempting to obtain Nickrenz and Bus' address to complete service through a Freedom of Information Act request. *See* Letter, ECF No. 27. On February 10, 2017, the Court denied Plaintiff's motion to compel for failure to comply with the Federal Rules of Civil Procedure, but provided Plaintiff an additional forty-five days to perfect service on Nickrenz and Bus through Attorney Kara Lund at the Federal Medical Center ("FMC") in Rochester, Minnesota.[2] *See* Order, ECF No. 29.

While the parties attempted to resolve service of process issues, the Court referred Plaintiff's case to the Federal Bar Association, *pro se* project. *See* Notice, ECF No. 20. On February 21, 2017, Zorislav Leyderman, an attorney affiliated with the *pro se* project, requested an opportunity to review the case, confer with Plaintiff, and conduct research. The Court granted Leyderman's request, and gave him forty-five days to decide whether he would enter an appearance on Plaintiff's behalf. However, Leyderman ultimately did not enter an appearance within the forty-five day period.

On April 18, 2017, Defendants filed the instant motion to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(4), 12(b)(5), and 4(i)(3) of the Federal Rules of Civil Procedure. *See* Mot. to Dismiss, ECF No. 32. Specifically, Nickrenz and Bus argue that Plaintiff failed to perfect service after receiving two forty-five day extensions. *See generally* Mem. in Supp., ECF No. 33. On April 25, 2017, Plaintiff represented that he objects to the motion to dismiss because he thought Leyderman was acting as his counsel and would facilitate service of process, *see* Letter, ECF No.

---

[1] Lieutenant Bus refers to an unidentified Federal Bureau of Prisons employee.

[2] Defendants offered Attorney Lund as an alternative to personal service.

2

37, and requested an additional two weeks to perfect service on Nickrenz and Bus through Attorney Lund. *See id.* On May 1, 2017, Plaintiff again represented that he was attempting to perfect service on Nickrenz and Bus through Attorney Lund, *see* Letter, ECF No. 39, and the Court granted Plaintiff an additional fourteen days to perfect service, and an additional twenty-one days to respond to Defendants' motion to dismiss. *See* Order, ECF No. 40.

On July 14, 2017, Plaintiff again objected to Defendants' motion to dismiss, and represented that he was still experiencing difficulties serving Nickrenz and Bus because he had not properly completed Form USM-285 when attempting to serve Defendants. *See* Letter, ECF No. 41. On August 17, 2017, Nickrenz and Bus were served through Attorney Lund at FMC Rochester. *See* Summons, ECF No. 45. On August 22, 2017, Plaintiff responded to Defendants' motion to dismiss. *See* Opp'n. Mem., ECF No. 46.

**B.     Legal Standard**

A defendant may file a motion to dismiss pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure when a plaintiff provides insufficient process or fails to properly serve process. "The distinction between [Rules 12(b)(4) and 12(b)(5)] is often blurred, and it is appropriate to present and analyze service issues under both rules." *Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 884 n. 2 (8th Cir. 1996). "To serve [a] United States . . . officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf . . . a party must serve the United States and . . . serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3). A plaintiff may also accomplish service by following state law for serving individuals under the law of the state in which the district court is located or the law of the state where service is to be made. *See* Fed. R. Civ. P. 4(e)(1). Properly effected service of process is a fundamental element of any lawsuit. *See Murphy*

3

*Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Defects in service of process are jurisdictional in nature and if a defendant is improperly served, a federal court lacks jurisdiction over the defendant. *See Printed Media Serv., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). However, "[d]ismissal is not invariably required where service is ineffective: under such circumstances, the district court has discretion to either dismiss the action, or quash service but retain the case." *Marshall v. Warwick*, 155 F.3d 1027, 1032 (8th Cir. 1998) (citing *Haley v. Simmons*, 529 F.2d 78, 78 (8th Cir. 1976)). "[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996).

"If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court *must*" appropriately extend the service period. Fed. R. Civ. P. 4(m) (emphasis added). " Rule 4(m) does not define good cause, and courts have not given conclusive meaning to the phrase." *Kurka v. Iowa Cty.*, 628 F.3d 953, 957 (8th Cir. 2010). "A showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules." *Id.* (quoting *Adams*, 74 F.3d at 887).

> [G]ood cause is likely (but not always) to be found when[:] [1] the plaintiff's failure to complete service in [a] timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis.

*Id.* (internal citation omitted).

In addition to the mandatory good cause standard, courts have also applied a discretionary

4

excusable neglect time extension standard under Rule 4. *See id.* "If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice.'"*Id.* (quoting *Adams*, 74 F.3d at 887) (emphasis in the original). The excusable-neglect exception allows courts to "provide relief where a party's failure to meet a deadline is 'caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Id.* (quoting *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir.2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)).

> In determining whether neglect is excusable, the following factors are particularly important [:] (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith.

*Id.* The reason for the delay typically is the most important factor in an excusable neglect analysis. *See id.* A court should "be mindful that a pro se litigant . . . is entitled to certain leniencies in the prosecution of his case." *Redding v. Hanlon*, Civil No. 06-4575 (DWF/RLE), 2008 WL 762078, at *7 (D. Minn. Mar. 19, 2008).

**C. Analysis**

The crux of Nickrenz and Bus' motion to dismiss for ineffective service centers on Plaintiff's failure to perfect service within the forty-five day extensions provided by the Court. *See* ECF No. 33 at 2. They argue that dismissal on Plaintiff's Complaint is warranted given Plaintiff's failure to timely serve despite the Court's accommodations. *See generally id.* The Court disagrees.

Here, Plaintiff has established excusable neglect to warrant the delay in perfecting service. Crucially, the reasons for the delay, the most important factor, in perfecting service were related to Leyderman's possible entry into the case and Plaintiff's reasonable belief that his putative attorney

would arrange for Nickrenz and Bus' service of process. *See Chorosevic*, 600 F.3d at 936. When Leyderman did not enter an appearance, Plaintiff diligently notified the Court that he would attempt to perfect service on his own. As an incarcerated, *pro se* litigant, Plaintiff's understanding of civil procedure and access to resources are understandably limited. Of course, Plaintiff's incarceration and *pro se* status do not exempt him from the rules of procedure, but his situation does make his delay more understandable, and the record does not show that Plaintiff acted in bad faith in attempting to perfect service. *See generally McAdams v. King et al.*, Civil No. 15-1597 (PJS/JJK), (ECF No. 19) (D. Minn. Mar. 3, 2016).The Court also notes that because Plaintiff is incarcerated he likely cannot respond or otherwise receive Court notifications as quickly as a represented litigant not in custody, which likely further delayed his ability to receive notice that Leyderman would not be entering an appearance on his behalf.

Moreover, as to the impact on the ligation, granting the instant motion will impose a severe penalty on Plaintiff, dismissal of his Complaint, which far outweighs whatever prejudice Nickrenz and Bus have incurred thus far. In addition, rather than dismissing Plaintiff's claims as to two Defendants without prejudice only to have Plaintiff potentially refile them, the Court finds it prudent to entertain Plaintiff's claims against all Defendants in a uniform proceeding. This is a particularly important consideration given that all Defendants have now been served and Plaintiff's case can proceed to resolution on the merits. *See, e.g.*, *Chorosevic*, 600 F.3d at 946 (articulating a "'judicial preference for adjudication on the merits[, which] goes to the fundamental fairness of the adjudicatory process.'") (quoting *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir.1993)).

As to good cause, it appears Plaintiff's attempts to perfect service were frustrated by his lack of familiarity with Form USM-285 and the United States Marshal's service of process procedures. Again, Plaintiff's challenges are understandable given his *pro se* status and limited resources, and

the Court notes that Plaintiff's *pro se* status and limited resources are appropriate factors it should consider in a good cause analysis. *See, e.g., Kurka*, 628 F.2d at 957 (reasoning that among the situations, such as in this case, in which good cause is likely to be found are those when the plaintiff is proceeding *pro se* or *in forma pauperis*).

Here, the Court extended Plaintiff's time to perfect service given the presence of several "mitigating circumstances." *Id.* Nickrenz and Bus have now been served in a "manner and at a time that affords [them] a fair opportunity to answer the complaint and present defenses and objections." *Henderson*, 517 U.S. at 672. The Court concludes that both excusable neglect and good cause justified Plaintiff's delay in perfecting service on Nickrenz and Bus. As a result, Defendants' motion to dismiss must be denied.

**D.     Recommendation**

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' motion to dismiss (ECF No. 32) be **DENIED**.


DATED: October 11, 2017               *s/Franklin L. Noel*
                                      FRANKLIN L. NOEL
                                      United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before [date 14 days from R&R date], written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by [same

date as above] a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.