# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Olan Brantley,<br><br>    Plaintiff,<br>v.<br><br>Christopher Nickrenz, Dr. Benjamin Rice, and Lt. Bus,<br><br>    Defendants. | Case No. 16-cv-746 (SRN/LIB)<br><br>**MEMORANDUM OPINION AND ORDER** |

Olan Brantley, pro se, # 16541-064, Oakdale Federal Prison Camp, P.O. Box 5010, Oakdale, Louisiana 71463.

Chad A. Blumenfield, United States Attorney's Office, 300 S. Fourth St., Suite 600, Minneapolis, Minnesota 55415, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel dated June 14, 2018 [Doc. No. 61] in response to Defendants' Motion to Dismiss [Doc. No. 50] and Plaintiff's Motion for Discovery [Doc. No. 59].[1] The magistrate judge recommended that Defendants' motion be granted and that Plaintiff's motion be denied as moot. (See R&R at 10.)

Brantley sought an extension of time to file objections to the R&R [Doc. No. 63], and the Court granted that request [Doc. No. 65]. Plaintiff subsequently filed an

---

[1] Due to the retirement of Magistrate Judge Noel, this case has since been reassigned to Magistrate Judge Leo Brisbois.

1

Objection to the R&R [Doc. No. 66] and Memorandum in Support of Plaintiff's Objection to the R&R [Doc. No. 68] (collectively, "Objections").[2]

The Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). For the reasons set forth below, the Court overrules Plaintiff's Objections and adopts the R&R in its entirety.[3]

## II.  BACKGROUND

Brantley, previously an inmate at the Federal Prison Camp in Duluth, Minnesota,[4] is disabled and has been wheelchair-bound for twelve years. (R&R at 1.) He is currently serving a 180-month term of imprisonment, followed by five years of supervision, with a projected release date of April 12, 2020. (Decl. of John Witte ("Witte Decl.") ¶ 3 [Doc. 54].)

Brantley filed a Complaint [Doc. No. 1] ("Compl.") on March 23, 2016, raising various claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12101, and the Eighth Amendment. (Compl. at 1–2, 4.) His claims arise from the cancellation and subsequent delay of his "nearer release" transfer from Duluth to a facility in his home state of Louisiana. (See id.) Under the nearer release policy of the

---

[2] Plaintiff's Objection and supporting memorandum present identical arguments. The Court's page citations in this Order reference Doc. No. 66.

[3] Plaintiff also submitted a Notice of Hearing on Motion [Doc. No. 67]. The Court construes this as a request for a hearing. Because the issues presented are straightforward and can be decided on the papers, this request is denied.

[4] On May 14, 2018, Plaintiff filed a Notice of Change of Address [Doc. No. 60]. Plaintiff is now incarcerated at the Federal Prison Camp in Oakdale, Louisiana.

Federal Bureau of Prisons ("BOP"), an inmate incarcerated 500 miles or more from either their eventual release destination or legal residence may be considered for transfer to a facility that is closer to either of the two. (See Witte Decl., Ex. A at 11 [Doc. No. 54-1].) To be eligible for nearer release transfer, an inmate must serve 18 consecutive months of "clear conduct" in a general population. (Id.)

Brantley's request for nearer release transfer to Louisiana was approved and scheduled for November 18, 2015. (Witte Decl. ¶ 6.) But according to the Complaint, he was not permitted to board the bus on his transfer date "because he was wheelchair-bound." (Compl. at 2). Plaintiff's transfer was canceled, and he was told that "other arrangements would be made for the transfer." (Id. at 2–3.) He alleges that another wheelchair-bound inmate, James Sarber, was allowed to transfer the same day that Plaintiff was denied. (Id. at 4.)

On November 20, 2015, Brantley was again approved for transfer, which was to take place "in the near future." (See Compl., Ex. A [Doc. No. 1-1].) However, on January 14, 2016, before an alternate means of transportation could be arranged, Brantley received an incident report. (See Witte Decl., Ex. D, at 2 [Doc. No. 54-4].) He also received another incident report on September 12, 2016. (Id.) These incident reports rendered Brantley ineligible for nearer release transfer under the BOP's policy mandating 18 consecutive months of clear conduct. (Witte Decl. ¶ 9.)

In October 2017, Defendants moved to dismiss Brantley's claims, arguing that Brantley failed to exhaust his administrative remedies, his official capacity claims were subject to sovereign immunity, and Defendants were entitled to qualified immunity on

3

Brantley's constitutional claims. (Defs.' Mem. Supp. Mot. to Dismiss at 6–18 [Doc. No. 51].) As noted, Magistrate Judge Noel recommended that Defendants' motion be granted and that Plaintiff's claims be dismissed for failure to properly exhaust his remedies in accordance with 42 U.S.C. § 1997e(a).

**III. DISCUSSION**

In his Objections, Brantley contends that (1) an underlying discovery motion that he filed in January 2018 should be granted; and (2) Defendants "misled" their legal counsel, Chad Blumenfield and Kara Lundy."[5] (Objs. at 2.) These arguments, however, have no bearing on the findings and recommendations in the R&R. Notably, Plaintiff does not object to the finding that he failed to exhaust his administrative remedies, which was the basis for Magistrate Judge Noel's recommendation. (See R&R at 10.) Instead, Plaintiff makes two unrelated challenges.

First, as to Brantley's argument that his discovery motion should be granted, (Objs. at 2), Magistrate Judge Noel denied the motion as moot because Brantley had not exhausted his administrative remedies as to the claims at issue here, arising out of the November 2015 bus incident and subsequent transfer delays. (See R&R at 9–10.) Moreover, as the magistrate judge noted, the exhaustion allegations in the Complaint relate to an earlier administrative complaint, not the incidents giving rise to the events here. (R&R at 9.)

Under 42 U.S.C. § 1997(e)(a), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

---

[5] Chad Blumenfield and Kara Lundy are attorneys for the Government.

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See also 28 C.F.R. § 542.15(b)(2) ("An inmate may not raise in an Appeal issues not raised in the lower level filings."). Brantley was required to complete all four steps of the Bureau of Prisons' administrative review process with respect to the claims in this action. See 28 C.F.R. §§ 542.10–542.19. He did not do so. Thus, this Court agrees with the magistrate judge's finding that although Brantley exhausted his remedies with respect to earlier, unrelated claims, he did not exhaust his administrative remedies with respect to the claims that form the basis of his Complaint. (See R&R at 9.) Accordingly, no discovery regarding these unexhausted claims was necessary, nor would such discovery lead to a different result here, as the administrative remedies have not been exhausted. Plaintiff's first ground of objection is therefore overruled.

Second, Plaintiff's assertion that attorneys Blumenfield and Lundy were somehow "misled," and that Brantley was told that he had "worn out [his] welcome in Duluth" fails to provide any relief. (Objs. at 2.) This objection does not identify or challenge any finding contained in the R&R. Accordingly, this second ground of objection is also overruled.

In sum, Brantley has not made any specific objections to the findings and recommendations in the R&R. Moreover, the analysis contained in the R&R was sound and thorough. Having reviewed the R&R, the Court agrees with the magistrate judge's analysis and adopts his recommendations.

## IV. CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objections [Doc. Nos. 66, 68] to the magistrate judge's Report and Recommendation are **OVERRULED**;

2. Plaintiff's request for a hearing [Doc. No. 67] is **DENIED**;

3. The magistrate judge's Report and Recommendation [Doc. No. 61] is **ADOPTED**; and

4. Defendants' Motion to Dismiss [Doc. No. 50] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: September 11, 2018
s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge